Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 11 Trustee
Peter J. Mastan

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SAWTELLE PARTNERS, LLC,<br><br>        Debtor. | Case No. 2:16-bk-21234-BR<br><br>Chapter 11<br><br>**EMERGENCY MOTION OF THE CHAPTER 11 TRUSTEE FOR ORDER AUTHORIZING ABANDONMENT OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 554(a); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PETER J. MASTAN IN SUPPORT THEREOF**<br><br>**DATE:    TBD**<br>**TIME:    TBD**<br>**CTRM:    1668** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

      Peter J. Mastan, the chapter 11 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Sawtelle Partners, LLC (the "Debtor"), respectfully submits this *Emergency Motion for Order Authorizing Abandonment of Real Property Pursuant to 11 U.S.C. § 554(a)* (the "Motion"). In support of the Motion, the Trustee submits the following memorandum of points and authorities, all pleadings and records on file, all

1144782.1                                                                                  1                                                            EMERGENCY MOTION

matters subject to judicial notice, all other evidence that may be introduced at or prior to any hearing on the Motion, and his declaration (the "Mastan Declaration").

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.  INTRODUCTION**

Among the assets of the Estate was a four-story office building located at 1850 Sawtelle Boulevard, Los Angeles, California 90025 (the "Property"). The Court previously approved the Trustee's settlement and sale agreement (the "Agreement") with Emaciation Capital, LLC ("Emaciation"). Pursuant to the Agreement, Satellite Down, LLC ("Satellite Down"), Emaciation's designee, was assigned any and all of the Estate's right, title and interest in and to the Property on an as-is, where-is basis by means of a quitclaim deed executed by the Trustee. Despite the Court's approval of the Agreement and the Trustee's subsequent performance under the Agreement, certain recent actions and pleadings filed by Emaciation, including the filing of a complaint against the Trustee to rescind the Agreement and the filing of a motion for relief from the Court's order approving the Agreement, intimate that the Property remains property of the Estate. The Trustee disagrees with this position in that the Trustee executed the quitclaim deed and delivered it to Emaciation (Emaciation picked up the executed quitclaim directly from the Trustee) thereby transferring the Estate's right, title and interest in and to the Property to Satellite Down, which then exercised rights of ownership with respect to the Property, including the removal of the in-place tenant.[1] Nevertheless, it has necessitated, in an abundance of caution, the filing of this motion to abandon any interest in the Property that could potentially remain in the Estate retroactive to the date of the execution of the second quitclaim deed.

Approval of the Motion is in the best interest of the Estate and its creditors since abandonment will enable the Estate to avoid any liability associated with the Property,

---

[1] Upon execution and delivery of the quitclaim deed, all right, title and interest in the Property was effectively transferred from the Estate to Satellite Down. *See* Cal. Civ. Code § 1054; *Miller v. Jansen*, 21 Cal. 2d 473, 477 (1943); *Williams v. Kidd*, 170 Cal. 631, 637 (1915).

including the fact that the Trustee no longer has insurance coverage on the transferred Property. The Property would be burdensome to the Estate and of inconsequential benefit and value in that the apparent liens against the Property exceed the likely value of the Property as set forth in the Compromise Motion (defined below). Because of the potential liability to the Estate, the Trustee respectfully requests that, pursuant to Local Bankruptcy Rules 2081-1 and 9075-1(a), the Motion be heard on an emergency basis.

## II.    BACKGROUND FACTS

### A.    The Bankruptcy Petition

On August 23, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. On September 23, 2016, the Office of the United States Trustee ("OUST") filed a *Motion Under 11 U.S.C. § 1112(b)(1) to Convert, Dismiss, or Appoint a Chapter 11 Trustee*. On November 4, 2016, the Court entered an order directing the appointment of a Chapter 11 trustee. By order entered November 10, 2016, the Court approved Mr. Mastan's appointment as the Trustee.

### B.    The Property

The Debtor's Schedules A/B listed the Property which is comprised of two lower floors dedicated to parking and two upper floors dedicated to office space. The Debtor estimated the value of the Property at $9,000,000.00 and scheduled liens against the Property in the amount of $9,352,134.65.

### C.    Settlement with Emaciation

On August 1, 2017, the Trustee filed a motion to approve the Agreement the Trustee had reached with Emaciation (the "Compromise Motion"). The Agreement provides, among other things, (i) for the Estate to receive $108,000 on account of the Fraudulent Transfer Claim, (ii) for the Trustee to withdraw his opposition to the RFS Motion, and (iii) for the Trustee to assign to Emaciation, or its assignee, Satellite Down, LLC, any and all of the Estate's right, title and interest in and to the Property on an as-is, where-is basis by means of a quitclaim deed. The Court heard the Compromise Motion on August 22, 2017, at which time the matter was granted. The Order (1) Approving

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Compromise Between Chapter 11 Trustee and Emaciation Capital, LLC; (2) With Opportunity for Overbid; (3) Use of Cash Collateral (the "Settlement Order") was entered on September 7, 2017. Paragraph 6 of the Settlement Order provides:

> The Trustee is authorized to assign the Estate's interest in the Property to Emaciation or Satellite Down, LLC, as Emaciation's assignee, on the terms set forth in the Agreement.

A copy of the Settlement Order is attached as Exhibit "1."

The Trustee has performed his duties under the Agreement, including assigning to Satellite Down all of the Estate's right, title and interest in and to the Property by quitclaim deed, which was an explicit term of the Agreement, on an as-is, where-is bases, without any representations or warranties, express or implied, subject to existing claims, liens and interests, including that of the junior lienholder. To that end, the Trustee executed and delivered two quitclaim deeds to Satellite Down. For its part, Emaciation has acted as the owner of the Property, including by evicting tenants of the Property.

Despite the foregoing, Emaciation now seeks to undo the Agreement. On November 17, 2017, Emaciation filed its Complaint for (1) Rescission, (2) Declaratory Relief, (3) Breach of Implied Covenant of Good Faith and Fair Dealing, (4) Breach of Contract, and (5) Allowance of Administrative Expense Claim (the "Complaint") against the Trustee, commencing Adv. No. 2:17-ap-01542-BR (the "Adversary Proceeding"). And on December 7, 2017, Emaciation filed its motion for relief from the Settlement Order (the "Motion for Relief"). Hearing on the Motion for Relief has not been scheduled.

Because the Estate's interest in the Property had been transferred, the Estate no longer has insurance coverage for the Property. Therefore, to the extent the Estate has any remaining interest in the Property in spite of the prior Court-approved assignment to Emaciation, such interest is of inconsequential value and benefit to the Estate and poses a risk of liability to the Estate. Therefore, the Trustee seeks authorization to abandon any remaining interest the Estate has or may have in the Property, pursuant to 11 U.S.C.

§ 554(a), and for such abandonment to be retroactive to the date the Trustee caused the second quitclaim deed to be delivered to Emaciation.  *See* Mastan Declaration.

### III. LEGAL ANALYSIS

#### A. The Court Should Authorize the Abandonment of the Property as it is Burdensome and of Inconsequential Value and Benefit to the Estate

Bankruptcy trustees have a duty to avoid administering property that will not generate funds for unsecured parties. *In re MCI, Inc.*, 151 B.R. 103, 110 (E.D. Mich. 1992). Section 554 provides that "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." To order abandonment, a court must find either (1) the property is burdensome to the estate, or (2) the property is both of inconsequential value and inconsequential benefit to the estate. *See In re K.C. Machine and Tool Company,* 816 F.2d 238, 245 (6th Cir. 1987).

Pursuant to the terms of the Agreement which were approved by the Settlement Order, the Estate's interest in the Property was assigned to Satellite Down, Emaciation's assignee. The Trustee has performed under the Agreement and Emaciation has taken actions as the owner of the Property. However, in its recent filings, Emaciation is now seeking to undo the Agreement and/or is taking the position that title to the Property was not transferred to Satellite Down. As the Trustee no longer has insurance coverage in place for the Property, as it was transferred, and the Trustee can take no further actions with the Property for the benefit of creditors, because it was transferred, the Trustee seeks to eliminate any potential liability to the Estate by abandoning any remaining interest the Estate has or may have in the Property. Moreover, the total secured debt asserted against the Property exceeds the current amount of what is believed to be the value of the Property and, thus, the Trustee, despite prior efforts, is unable to liquidate the Property and realize any value for unsecured creditors. The Property was also not generating sufficient income to cover the costs of utilities and other maintenance and the Estate does not have sufficient funds to cover these costs. In addition, the Trustee has not collected

any rents from the Property since the time that he executed and delivered the quitclaim deeds.

Based on the foregoing, the Trustee has determined that any remaining interest in the Property is burdensome and of inconsequential value and benefit to the Estate and should be abandoned. The Trustee respectfully requests that an order be entered allowing the Trustee to abandon the Property, retroactive to the date of delivery of the second quitclaim deed to Emaciation.

## IV.    CONCLUSION

Based upon the foregoing, the Trustee respectfully requests an order as follows:

1. Granting this Motion;

2. Authorizing the Trustee to immediately abandon, pursuant to 11 U.S.C. § 554(a), any remaining interest the Estate has or may have in the Property, retroactive to the date of delivery of the second quitclaim deed to Emaciation; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 14, 2017    LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: */s/ Beth E. Gaschen*
JEFFREY I. GOLDEN
BETH E. GASCHEN
Attorneys for Chapter 11 Trustee
Peter J. Mastan

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

114488444782.1    6    EMERGENCY MOTION

## **DECLARATION OF PETER J. MASTAN**

I, Peter J. Mastan, declare as follows:

1. I am the chapter 11 trustee for the bankruptcy estate (the "Estate") of Sawtelle Partners, LLC ("Debtor"). Except for those statements made upon information and belief, I know the following facts to be true of my own personal knowledge and, if called as a witness, could and would competently testify with respect thereto. I make this declaration in support of my *Emergency Motion for Order Authorizing Abandonment of Real Property Pursuant to 11 U.S.C. § 554(a)* (the "Motion"). Any term not specifically defined herein shall have the meaning provided in the Motion.

2. According to the Court's docket, the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code on August 23, 2016. The docket further reflects that the OUST filed a *Motion Under 11 U.S.C. § 1112(b)(1) to Convert, Dismiss, or Appoint a Chapter 11 Trustee* on September 23, 2016. On November 4, 2016, the Court entered an order directing the appointment of a chapter 11 trustee and by order entered on November 10, 2016, I was appointed as the chapter 11 trustee.

3. The Debtor's Schedules A/B listed the Property, which is comprised of two lower floors dedicated to parking and two upper floors dedicated to office space. The Debtor estimated the value of the Property at $9,000,000.00 and scheduled liens against the Property in the amount of $9,352,134.65.

4. On August 1, 2017, I caused the Compromise Motion to be filed. The Court heard the Compromise Motion on August 22, 2017, at which time the matter was granted. The Settlement Order was entered on September 7, 2017. Paragraph 6 of the Settlement Order provides:

> The Trustee is authorized to assign the Estate's interest in the Property to Emaciation or Satellite Down, LLC, as Emaciation's assignee, on the terms set forth in the Agreement.

A true and correct copy of the Settlement Order is attached as Exhibit "1."

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

5.    I have performed my duties under the Agreement by assigning to Emaciation all of the Estate's right, title and interest in and to the Property, by means of quitclaim deed, which was an explicit term of the Agreement. I executed two quitclaim deeds and caused them to be delivered to Emaciation. In fact, Emaciation and/or Satellite caused the quitclaim deeds to be picked up from me – the first from my counsel's office, and the second from my office.

6.    I am informed that, as owner of the Property, Emaciation has evicted tenants of the Property. Also, I have not collected any rents from the Property since the time that I executed and delivered the quitclaim deeds.

7.    On November 17, 2017, Emaciation filed the Complaint. And on December 7, 2017, Emaciation filed the Motion for Relief. Hearing on the Motion for Relief has not been scheduled.

8.    Based upon my transfer of the Property, I no longer have insurance coverage for the Property nor can I further administer the Property. As a direct result of positions taken by Emaciation and/or Satellite Down, that I believe to be wholly without merit, in the event that Emaciation and/or Satellite Down were to successfully set aside the Settlement Order, obtain a judgment for recission, and return to the Trustee the delivered quitclaim deeds, the Property is of inconsequential value and benefit to the Estate in that the liens appear to now exceed the value of the Property and ownership of the Property poses a risk of liability to the Estate. Granting the relief requested in this Motion on an emergency basis is necessary and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of December, 2017, at Los Angeles, California.

_____
Peter J. Mastan

# EXHIBIT 1

<div style="font-family:monospace">

1  Jeffrey I. Golden, State Bar No. 133040
   jgolden@lwgfllp.com
2  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
3  Kerry A. Moynihan, State Bar No. 250571
   kerry@kamlegal.com
4  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
   Telephone:   (714) 966-1000
6  Facsimile:   (714) 966-1002

7  Attorneys for Chapter 11 Trustee
   Peter J. Mastan

</div>

**FILED & ENTERED**

**SEP 07 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fortier    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

In re

SAWTELLE PARTNERS, LLC,

    Debtor.

Case No. 2:16-bk-21234-BR

Chapter 11

**ORDER (1) APPROVING COMPROMISE BETWEEN CHAPTER 11 TRUSTEE AND EMACIATION CAPITAL, LLC; (2) WITH OPPORTUNITY FOR OVERBID; (3) USE OF CASH COLLATERAL**

<u>HEARING DATE:</u>
DATE:    August 22, 2017
TIME:    10:00 a.m.
PLACE:   Courtroom 1668
         255 East Temple Street
         Los Angeles, CA 90012

ORDER APPROVING
COMPROMISE OF CONTROVERSY

Case 2:16-bk-21234-BR    Doc 175    Filed 09/04/17    Entered 09/04/17 13:49:14    Desc
Main Document    Page 2 of 3

On August 22, 2017, at 10:00 a.m., in Courtroom 1668 of the above-referenced court, before the Honorable Barry Russell, a hearing was held on the *Chapter 11 Trustee's Motion for Orders (1) Approving Compromise Between Chapter 11 Trustee and Emaciation Capital, LLC; (2) With Opportunity for Overbid; (3) Use of Cash Collateral* ("Motion"). Jeffrey I. Golden appeared on behalf of Peter J. Mastan, as Chapter 11 Trustee for the estate of Sawtelle Partners, LLC ("Trustee"). Ronald Richards appeared on behalf of Emaciation Capital, LLC ("Emaciation"). David Golubchik appeared on behalf of the Debtor, Sawtelle Partners, LLC ("Debtor"). Leslie Cohen specially appeared on behalf of Ethan Margalith ("Margalith"), the principal of the Debtor.

The Court, after consideration of the Motion, all papers filed in support of or in opposition to the Motion, and all statements, arguments and representations made at the hearing on the Motion, and for good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. Adequate notice of the Motion and the hearing on the Motion was provided to all interested parties;

2. All opposition to the Motion is overruled;

3. The Motion is granted in its entirety;

4. The Agreement, being in the best interests of the estate, is hereby approved and the Trustee is authorized to execute the Agreement and consummate the transactions contemplated by the Agreement;

5. The Trustee is authorized to settle the fraudulent transfer claim against Emaciation for an immediate payment of $108,000 on the terms set forth in the Agreement;

6. The Trustee is authorized to assign the Estate's interest in the Property to Emaciation or Satellite Down, LLC, as Emaciation's assignee, on the terms set forth in the Agreement;

7. The Trustee is authorized to execute any and all documents necessary to effectuate the settlement; and

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Case 2:16-bk-21234-BR    Doc 127    Filed 09/07/17    Entered 09/07/17 13:19:14    Desc
Main Document    Page 3 of 3

8. The Trustee is authorized to use cash collateral to pay insurance, bond, utilities, U.S. Trustee fees and other related items, including to reimburse the Trustee for such types of expenditures to the extent made by the Trustee at any time during this Chapter 11.

# # #

Date: September 7, 2017

*Barry Russell* (signature)

———————————————
Barry Russell
United States Bankruptcy Judge

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**650 Town Center Drive, Suite 950**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Emergency Motion of the Chapter 11 Trustee for Order Authorizing Abandonment of Real Property Pursuant to 11 U.S.C. § 554(a); Memorandum of Points and Authorities; Declaration of Peter J. Mastan in Support Thereof
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 14, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Sawtelle Partners, LLC
1850 Sawtelle Blvd. #300
Los Angeles, CA 90025

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 14, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/14/2017 | Victoria Rosales | /s/ Victoria Rosales |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Reem J Bello    rbello@lwgfllp.com, kadele@wgllp.com;lfisk@wgllp.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Oscar Estrada    oestrada@ttc.lacounty.gov
Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
Thomas P Griffin    tgriffin@hsmlaw.com
Jeffrey C Krause    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
Daniel A Lev    dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
Howard N Madris    hmadris@madrislaw.com
Ron Maroko    ron.maroko@usdoj.gov
Peter J Mastan (TR)    pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com
Edmond Nassirzadeh    ed@nasslawfirm.com, ecfbestcase@gmail.com;r53025@notify.bestcase.com
Daniel Nomanim    DNomanim@gmail.com, DEN@laborlitigators.com
Farhad Novian    amanda@novianlaw.com;candace@novianlaw.com
Farid Novian    farid@novianlaw.com, amanda@novianlaw.com
Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
David B Shemano    dshemano@robinskaplan.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**